IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA LAMBERT and TONY LAMBERT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Civil Action No. 19-00854-KD-B ) |
| DUNCAN HERRINGTON and the CITY OF SATSUMA, ALABAMA | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the Motion for Leave to Amend Complaint filed by Plaintiffs Felicia and Tony Lambert (doc. 23), the response filed by Defendants Duncan Herrington and the City of Satsuma, Alabama (doc. 27), and the Lamberts' reply (doc. 32). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED.** Plaintiffs shall file their **Amended Complaint** on or before **August 21, 2020** and Defendants shall file their **answer or otherwise respond** on or before **August 28, 2020.**

At this stage in the litigation, and absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The Lamberts allege that they recently obtained a video of Felicia's arrest at the Saraland Police Station and based upon the contents, Felicia asserts her new claim under the First Amendment. The motion was timely filed soon after discovery and before the May 31, 2020, deadline for motions to amend the pleadings (doc. 15, Rule 16(b) Order). The docket does not indicate that Plaintiffs engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Discovery does not end until September 18, 2020 (doc. 37, Amended Scheduling Order). Therefore, the parties have sufficient time to conduct discovery such that there should not be undue prejudice if the complaint is amended.

Defendants have no objection to amending the complaint to designate Defendant Officer Herrington as a current City of Satsuma police officer. However, Defendants object to the First Amendment retaliatory arrest claim on basis the claim is time-barred by the applicable statute of limitations would be immediately subject to dismissal, i.e., futile, if the amendment is allowed.

In support, Defendants argue that the claim does not relate back to the date of the original complaint because new or distinct conduct, transactions or occurrences are the grounds for the claim. Specifically, in the Amended Complaint, Felicia Lambert alleges for the first time that when she was at the Saraland Police Department to pay her husband Tony's bond, she asked Officer Herrington how to file a complaint against him for his conduct at her home, and he then arrested her for disorderly conduct. Defendants point out that the factual allegations in the

original Complaint relate to the demand for return of the rifles, Herrington's presence on the Lamberts' property, a false claim that Felicia was disorderly while on her property and excessive force allegedly applied to Felicia. (Doc. 27).

The Lamberts argue that the claim relates back to the original Complaint because the retaliatory arrest arose out of the conduct, transactions or occurrences set out in the original Complaint. Specifically, Felicia's allegation that she went to the jail to pay Tony's bond, and "[a]t the police station, Felicia told officers that none of this should be going on and Herrington told her to sit down because she was under arrest for disorderly conduct too, at which point Tony was released but Felicia was detained at the jail" (doc. 32, p. 1). The Lamberts argue that this factual allegation along with her claim for damages for a "false criminal charge against her" were sufficient notice to Defendant Herrington of a potential claim against him based on his conduct at the jail.

Federal Rule of Civil Procedure 15(c) addresses relation back of amendments to an initial pleading. The Rule sets forth, in relevant part, as follows:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

>  (A) the law that provides the applicable statute of limitations allows relation back;
> 
>  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]

Fed. R. Civ. P. 15(c).

The Lamberts' Complaint is brought pursuant to 42 U.S.C. § 1983. The statute does not provide a period of limitation. Instead, "[a]ll constitutional claims brought under § 1983 are tort

3

actions, subject to the statute of limitations governing personal injury actions for the state where the plaintiff brings the § 1983 action." Phillips v. Pavirov, No. 5:19-CV-00888-LCB-HNJ, 2019 WL 4054110, at *4 (N.D. Ala. July 30, 2019), report and recommendation adopted, 019 WL 4038554 (N.D. Ala. Aug. 27, 2019) (citing Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008)).  Alabama, as the forum state, provides the law for the applicable statute of limitation. Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Alabama law also allows relation back of amended pleading.  Alabama Rule of Civil Procedure 15(c) provides, in relevant part, that an "amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]"

      Therefore, the Court looks to Alabama law to determine whether Felicia's new claim relates back to the time of filing the original Complaint. Presnell v. Paulding County, Ga., 454 Fed. Appx. 763, 767 (11th Cir. 2011) ("Because Georgia law provides the applicable statute of limitations in this [action pursuant to Section 1983 and state law], if a proposed amendment relates back under Georgia law, then 'that amendment relates back under [Rule 15(c)(1)(A) ] even if the amendment would not relate back under federal law rules.'") (quoting Saxton v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001)).  Alabama case law permits "a claim based on a new cause of action added in an amendment to relate back to the filing of the original claim under Rule 15(c), even when the cause of action underlying the claim added by the amendment is as distinct from the original cause as causes sounding in contract are distinct from causes

4

sounding in tort, so long as the original pleading gives fair notice of the general fact situation out of which the claim or defense arises." Ex parte Johnston-Tombigbee Furniture Mfg. Co., Inc., 937 So. 2d 1035, 1046 (Ala. 2005) (citation omitted).  "[W]hen an amendment merely changes the legal theory of a case or merely adds an additional theory, and the new theory is based upon the same facts as the original one and those facts have been brought to the attention of the defendant, the amendment does not prejudice the defendant." Ex parte Johnston-Tombigbee Furniture Mfg. Co., Inc., 937 So. 2d at 1046 (citation omitted); see also Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) ("The critical issue in [Federal] Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed.")

Felicia's new First Amendment retaliatory arrest claim arises out of the same conduct, transaction or occurrence as set out in the original Complaint. The original Complaint alleged that Felicia was arrested at the police station for disorderly conduct by Officer Herrington (doc. 1, ¶ 35). Felicia brought a Fourth Amendment Claim against Herrington for false arrest, alleging that he "chose to arrest Felicia when no crime had been committed and then to later try to justify the arrest by falsely claiming she had been disorderly." (Id., ¶ 54). She also brought a state law claim for false imprisonment and false arrest, alleging that "Herrington had no actual or arguable probably cause to arrest Felicia and his arrest and detention of Felicia was a willful and wanton abuse of process" (Id., ¶• 63).  The original Complaint gave Officer Herrington notice that claims would be asserted against him for an alleged false arrest at the police station even though Felicia did not allege in the original Complaint that while she was at the police station, she asked Officer

Herrington how to file a complaint against him, and then he arrested her in retaliation.

Since the Court has not ascertained any substantial reason to deny the Lamberts' motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

**DONE** and **ORDERED** this 14th day of August 2020.

    s / Kristi K DuBose
KRISTI K. DuBOSE
**CHIEF UNITED STATES DISTRICT JUDGE**