## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FELICIA LAMBERT and<br>TONY LAMBERT, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO.: 19-cv-00854-KD-B |
| | * | |
| DUNCAN HERRINGTON and | * | |
| The CITY OF SATSUMA, ALABAMA, | * | |
| | * | |
| Defendants. | * | JURY TRIAL DEMAND |

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, FELICIA LAMBERT and TONY LAMBERT. and bring this Complaint for money damages pursuant to 42 U.S.C. § 1983, the First and Fourth Amendments to the U.S. Constitution, the laws and Constitution of the State of Alabama, and under the common law of the State of Alabama, against the Defendant, officer DUNCAN HERRINGTON, of the Satsuma Police Department in both his individual capacity and his official capacity, and against the Defendant CITY OF SATSUMA, and for causes of action respectfully show as follows:

### THE PARTIES
### *Plaintiffs*

Plaintiffs, FELICIA LAMBERT ("Felicia") and TONY LAMBERT ("Tony"), (collectively "Plaintiffs" or "Lamberts") are individuals married to one another, both

over the age of 19 years old, living in Satsuma, Alabama, in Mobile County, Alabama, now and at all times relevant to this Complaint.

### *Defendants*

Defendant, DUNCAN HERRINGTON ("Herrington") is an individual above the age of 19 years old, who was a police officer for the City of Satsuma, Alabama at all times relevant to this Complaint.

Defendant, CITY OF SATSUMA, is a municipal corporation operating within Mobile County, Alabama, and was so at all times relevant to this Complaint.

## **INTRODUCTION**

This action stems from the arrests of the Plaintiffs, Tony Lambert and Felicia Lambert at their home in Satsuma, Alabama on October 24, 2017 by Officer Duncan Herrington, who Plaintiffs allege falsely arrested them and in the process used extreme, unnecessary and excessive force on both Plaintiffs and committed assault and battery upon both Plaintiffs, causing them to suffer physical injuries in addition to mental anguish, emotional distress, and monetary damages.

Count XI of this action stems from a second arrest of Felicia Lambert later the same day at the Satsuma Jail. Defendant Herrington arrested Felicia Lambert at the jail when she asked him for information about how to file a complaint against him for the earlier incident at her home, thus violating her First Amendment right to free speech. This arrest caused Felicia Lambert to suffer delayed treatment for her physical pain, mental anguish, emotional distress, and monetary damages.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343(a)(4). Supplemental jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. §1367.

2.      Defendant Herrington worked, and upon information and belief resided, in Mobile County, Alabama during all times relevant to this Complaint and, at the time of the incident at issue, was an adult U.S. citizen and a police officer employed by the City of Satsuma, Alabama, which is a municipal corporation within Mobile County.

3.      Both Plaintiffs are adult, resident citizens of Mobile County, Alabama and were such during all times relevant to this Complaint.

4.      All of the relevant acts and omissions alleged herein occurred in Mobile County, Alabama. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.      The Plaintiffs properly filed a verified claim with the City of Satsuma within the six month statute of limitations period required for bringing such claims. (See Exhibit "A" attached to the original Complaint).

## STATEMENT OF THE FACTS

6.      On October 9, 2017, the Plaintiffs arrived at their home and found several air powered pellet rifles on their porch, a screen pulled off one of their windows, and

their television screen was broken and appeared to have been shot with a pellet from a rifle.

7.     Plaintiffs' grandchildren had been staying at their house, so Plaintiffs suspected that the rifles belonged to friends of their grandchildren and that the television had been damaged by one of the grandchildren or their friends.

8.     Plaintiffs' grandson, Austin, told Plaintiffs that the rifles belonged to his friend, Micah, and Felicia Lambert told Austin that either Micah's parent could contact her about the broken television or she was taking the rifles to the Satsuma police department.

9.     On October 24, 2017, Micah's mother or stepmother, Teresa Strickland, contacted Felicia by telephone and, after an argument over the telephone about who damaged Plaintiffs' television, Teresa Strickland demanded that Micah's rifle be returned to her. Felicia did not know if one or all of the rifles belonged to Micah.

10.    Felicia told Teresa Strickland that she would take the rifles to the Satsuma Police Station, file a report, and turn the rifles over to the police.

11.    On the same day, within two (2) hours of the telephone call on October 24, 2017, Felicia Lambert was under the carport beside her house when Defendant Herrington pulled into her driveway in a police cruiser, with Teresa Strickland in the car with him.

12.     Herrington and Teresa Strickland got out of the police cruiser and Herrington began demanding that Felicia go get the rifles and give them to him, but Felicia asked that a report be written first.

13.     Felicia asked Herrington why he had brought Teresa Strickland to her house and asked Herrington to write a report regarding the damage to her television, which he refused to do.

14.     Felicia told Herrington that she was going to turn the rifles in at the police station.

15.     Herrington became infuriated and told Felicia it was too late for a report and that she was going to get those guns now.

16.     Felicia continued to ask Herrington to write a report about her property damage before she got the rifles.

17.     During the entire time, Felicia was in her own yard well away from the street, was not committing any crime, and was not a threat to Herrington, Theresa Strickland, or anyone else.

18.     Herrington suddenly told Felicia she was going to jail and grabbed her by her arms and her shirt in a very rough manner, causing her to be afraid that Herrington was going to hurt her.

19.     Herrington forcefully twisted Felicia's arms, handled her very roughly, handcuffed her with the cuffs behind her back, pulled her around the yard by her shirt,

and squeezed her forearm so tightly that it caused a scratch and large bruise on her arm.

20.    During the cuffing of Felicia, she was yelling to Herrington that he was hurting her and Tony came outside to see what was happening.

21.    Upon seeing Herrington twisting Felicia's arm, pulling her roughly by the shirt and hearing Felicia begging Herrington to stop hurting her, Tony asked Herrington to stop hurting her and just take her to jail if that was what he was going to do.

22.    Tony then told Teresa Strickland that her son caused this by bringing the rifles to their house and told her to leave his property.

23.    Although Tony was about eight to ten feet away from Teresa Strickland, Herrington began yelling at Tony to get out of her face.

24.    Herrington suddenly grabbed Tony, took him to the ground by swiping his leg, got on top of him with his knee in Tony's chest, and began strangling Tony with a trachea choke hold.

25.    Tony, who had never been arrested in his life, had undergone surgery and had three stints placed in his arteries just five months earlier.

26.    Tony was paralyzed with fear that Herrington's attack on him might cause complications related to his recent heart surgery and that Herrington was going to choke him to death.

27.    As Tony gasped for breath, Felicia began begging Herrington to get off of Tony and to release the choke hold, telling Herrington that Tony had recently had heart surgery.

28.    After choking Tony for about two minutes, occasionally loosening his grip and then squeezing Tony's throat harder again, Herrington released the trachea hold, cuffed Tony and asked him, "How old are you? How does it feel to get your ass whipped?"

29.    Tony suffered scratches on his elbow and arm, pain in his shoulders, pain in his neck, pain in his back, bruises, soreness, extreme humiliation, emotional distress and mental anguish due to Herrington's unprovoked attack on him and his wife. He also suffered monetary damages, paying bail money and an attorney to handle the false criminal charge against him.

30.    Two of the Lambert's grandchildren came outside and Herrington told the Plaintiffs they were both going to jail and that he would get DHR involved.

31.    One of Herrington's supervisors arrived and everyone except Teresa Strickland went inside the Plaintiffs' house.

32.    The rifles were given to the supervisor and he gave them to Teresa Strickland, but no report was written regarding the damage to Plaintiffs' television.

33.    Herrington un-cuffed and released Felicia but took Tony to jail and booked him on a charge of disorderly conduct.

34.    Felicia went to the Satsuma Jail and paid Tony's bond.

35.    At the police station, when Felicia asked Herrington about how to file a complaint against him for the earlier incident at her home, he told her to sit down because she was under arrest. Herrington arrested Felicia for saying she wanted to file a complaint against him but charged her with disorderly conduct. At this point Tony was released but Felicia was detained at the jail while Herrington prepared his report of her arrest.

36.    Tony went home to watch the grandchildren and Felicia's mother went to the Satsuma Jail and paid Felicia's bond.

37.    Felicia left the jail and went to Urgent Care because she was in pain and extremely traumatized from Herrington's attack.

38.    Felicia suffered neck pain, cuts, bruises, mental anguish and severe emotional distress from Herrington's assault and battery on her. She suffered further mental anguish and severe emotional distress from watching Herrington batter and choke Tony, especially fearing for Tony's life because he had recently undergone heart surgery. She also suffered monetary damages paying bail money and costs related to the false criminal charge against her as well as medical bills and lost wages.

39.    The events all occurred in the Plaintiffs' yard, well away from any public property because the Plaintiffs have a long driveway.

40.    Herrington and/or his wife were friends with Teresa Strickland and Herrington came to Plaintiffs' house to show-off for Teresa Strickland and to advocate for her in a non-criminal matter, not to investigate any crime because none had been committed.

8

41.    Before assaulting and battering Felicia, Herrington had not told her she was under arrest and she did not resist his effort to handcuff her but merely reacted to the pain she was in due to Herrington's unprovoked assault and battery on her. She did not try to flee and she was not a threat to Herrington or anyone else.

42.    Before assaulting and battering Tony, Herrington had not told Tony that he was about to be arrested or that he was under arrest. Tony was not a threat to Herrington or anyone else, he did not try to flee, and he did not resist Herrington's assault and battery but merely tried to keep breathing and not lose consciousness.

43.    Herrington came onto the Plaintiffs' property without a warrant or a signed complaint and with no probable cause, either actual or arguable, as there had been no crime committed, the Plaintiffs were simply enjoying the day at home, and there was no government interest at stake in any potential civil dispute between the Plaintiffs and Teresa Strickland over Micah's rifle or the Plaintiffs' broken television.

44.    Herrington's attacks on both Plaintiffs and his subsequent false arrests and incarcerations of both Plaintiffs were carried out negligently, wantonly and willfully, without provocation or justification.

45.    At trial in City Court, Plaintiffs stipulated that the City had enough evidence to go to trial but specifically told the Court that they were not guilty and did not stipulate to any guilt whatsoever. The charges were dismissed against both Plaintiffs.

## CLAIMS

### COUNT I
### Fourth Amendment § 1983 Claim for False Arrest
### Against Duncan Herrington
### In His Individual Capacity and His Official Capacity
### By Plaintiff Felicia Lambert

46.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-45 above into this Count by reference.

47.    Plaintiff Felicia Lambert had a right under the Fourth Amendment of the U.S. Constitution to be free from unlawful search and seizure by Defendant Herrington.

48.    Herrington had no arguable probable cause to arrest Felicia.

49.    Prior to Herrington's unexpected arrival in her driveway with Teresa Strickland in his patrol car, Felicia was relaxing under her carport.

50.    When Herrington began verbally assaulting Felicia and demanding that she give him the rifles that she was planning to turn in at the police station, she asked that he fill out a report about her television being shot with a pellet rifle.

51.    Instead of filling out a report or taking other action to diffuse the situation, Herrington was very aggressive and made unlawful demands on the Plaintiffs while trespassing on their property.

52.    After Herrington refused to make a report, Felicia asked him to leave her property with Theresa Strickland.

53.    Herrington had no legal right to take the rifles or to remain on the Lamberts' property because no crime had been committed by the Plaintiffs.

54.    Herrington chose to arrest Felicia when no crime had been committed and then to later try to justify the arrest by falsely claiming she had been disorderly.

55.    Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 38 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Felicia Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

**COUNT II**
**Fourth Amendment § 1983 Claim for Excessive Force**
**Against Duncan Herrington**
**In His Individual Capacity and His Official Capacity**
**By Plaintiff Felicia Lambert**

56.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-55 above into this Count by reference.

**57.**    Plaintiff Felicia Lambert had a right under the Fourth Amendment of the U.S. Constitution to be free from excessive force while being arrested by Defendant Herrington.

58.    Herrington had no arguable probable cause to assault, batter, or arrest Felicia and she did not give him any reason to use force against her.

11

59.     Even if Herrington had probable cause, the force he used under the circumstances was excessive, extreme, unnecessary, unconstitutional, and without provocation by Felicia, who was not even made aware of what she was being arrested for, was not resisting, was not a threat to Herrington or anyone else, and was not attempting to flee.

60.     Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 38 of this Complaint.

        WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Felicia Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

### COUNT III
**State Law Claim for False Imprisonment and False Arrest**
**Against Duncan Herrington**
**In His Individual Capacity and His Official Capacity**
**By Plaintiff Felicia Lambert**

61.     The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-60 above into this Count by reference.

62.     Plaintiff Felicia Lambert brings this claim under Alabama Code Section 6-5-170 and her rights under the Alabama Constitution and common law of Alabama to be free from false arrest and imprisonment.

12

63.   Herrington had no actual or arguable probable cause to arrest Felicia and his arrest and detention of Felicia was a willful and wanton abuse of process.

64.   Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 38 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Felicia Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

### COUNT IV
### State Law Claim for Assault and Battery
### Against Duncan Herrington
### In His Individual Capacity and His Official Capacity
### By Plaintiff Felicia Lambert

65.   The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-64 above into this Count by reference.

66.   Plaintiff Felicia Lambert brings this claim under the Alabama Constitution and common law of Alabama to be free from assault and battery while being arrested.

67.   Herrington had no actual or arguable probable cause to arrest Felicia and his assault and battery on Felicia was a willful and wanton abuse of process.

68.   Herrington had no need to assault and batter Felicia in order to arrest her but did so to avenge and impress his friend, Teresa Strickland, who he brought to the Plaintiffs' home in his patrol car.

13

69.    Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 38 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Felicia Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

### COUNT V
**State Law Claim for Assault and Battery and False Arrest and Imprisonment
Against the City of Satsuma
Based on Respondeat Superior and Alabama Code Section 11-47-190
By Plaintiff Felicia Lambert**

70.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-69 above into this Count by reference.

71.    Plaintiff Felicia Lambert brings this claim under the Alabama Constitution, common law of Alabama and Alabama Code Section 11-47-190, based on the actions of the City of Satsuma's agent and employee, Duncan Herrington.

72.    The City of Satsuma is liable under a theory of respondeat superior.

73.    The City of Satsuma is liable under Alabama Code Section 11-47-190 due to the negligence, carelessness, or unskillfulness of Duncan Herrington, while he was acting as a police officer for the city.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, and the City of Satsuma is liable for the conduct of

14

Herrington, Plaintiff Felicia Lambert demands judgment against the City of Satsuma in such character and quantity as allowed by law.

### COUNT VI
**Fourth Amendment § 1983 Claim for False Arrest**
**Against Duncan Herrington**
**In His Individual Capacity and His Official Capacity**
**By Plaintiff Tony Lambert**

74.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-73 above into this Count by reference.

75.    Plaintiff Tony Lambert had a right under the Fourth Amendment of the U.S. Constitution to be free from unlawful search and seizure by Defendant Herrington.

76.    Herrington had no arguable probable cause to arrest Tony.

77.    Prior to Herrington's unexpected arrival in his driveway with Teresa Strickland in his patrol car, Tony was relaxing inside his home.

78.    When Tony heard his wife crying outside, he came out of his house to see what was wrong.

79.    Upon seeing Herrington twisting Felicia's arm, pulling her roughly by the shirt and hearing Felicia begging Herrington to stop hurting her, Tony asked Herrington to stop hurting her and just take her to jail if that was what he was going to do.

80.    Tony then told Teresa Strickland that her son caused this by bringing the rifles to their house and told her to leave his property.

81.    Tony was then attacked and arrested by Herrington as described hereinabove.

82.   Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 29 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Tony Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

**COUNT VII**
**Fourth Amendment § 1983 Claim for Excessive Force**
**Against Duncan Herrington**
**In His Individual Capacity and His Official Capacity**
**By Plaintiff Tony Lambert**

83.   The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-82 above into this Count by reference.

84.   Plaintiff Tony Lambert had a right under the Fourth Amendment of the U.S. Constitution to be free from excessive force while being arrested by Defendant Herrington.

85.   Herrington had no arguable probable cause to assault, batter, or arrest Tony and Tony did not give Herrington any reason to use force against him.

86.   Even if Herrington had probable cause, the force he used under the circumstances was excessive, extreme, unnecessary, unconstitutional, and without provocation by Tony, who was not even made aware of what he was being arrested for, was not resisting, was not a threat to Herrington or anyone else, and was not attempting to flee.

87.    Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 29 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Tony Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

## COUNT VIII
### State Law Claim for False Imprisonment and False Arrest
### Against Duncan Herrington
### In His Individual Capacity and His Official Capacity
### By Plaintiff Tony Lambert

88.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-87 above into this Count by reference.

89.    Plaintiff Tony Lambert brings this claim under Alabama Code Section 6-5-170 and his rights under the Alabama Constitution and common law of Alabama to be free from false arrest and imprisonment.

90.    Herrington had no actual or arguable probable cause to arrest Tony and his arrest and detention of Tony was a willful and wanton abuse of process.

91.    Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 29 of this Complaint.

17

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Tony Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

### COUNT IX
**State Law Claim for Assault and Battery**
**Against Duncan Herrington**
**In His Individual Capacity and His Official Capacity**
**By Plaintiff Tony Lambert**

92.     The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-91 above into this Count by reference.

93.     Plaintiff Tony Lambert brings this claim under the Alabama Constitution and common law of Alabama to be free from assault and battery while being arrested.

94.     Herrington had no actual or arguable probable cause to arrest Tony and his assault and battery on Tony was a willful and wanton abuse of process.

95.     Herrington had no need to assault and batter Tony in order to arrest him but did so to avenge and impress his friend, Teresa Strickland, who he brought to the Plaintiffs' home in his patrol car.

96.     Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 29 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Tony Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

## COUNT X
### State Law Claim for Assault and Battery and False Arrest and Imprisonment Against the City of Satsuma
### Based on Respondeat Superior and Alabama Code Section 11-47-190
### By Plaintiff Tony Lambert

97.    The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-96 above into this Count by reference.

98.    Plaintiff Tony Lambert brings this claim under the Alabama Constitution, common law of Alabama and Alabama Code Section 11-47-190, based on the actions of the City of Satsuma's agent and employee, Duncan Herrington.

99.    The City of Satsuma is liable under a theory of respondeat superior.

100.   The City of Satsuma is liable under Alabama Code Section 11-47-190 due to the negligence, carelessness, or unskillfulness of Duncan Herrington, while he was acting as a police officer for the city.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, and the City of Satsuma is liable for the conduct of Herrington, Plaintiff Tony Lambert demands judgment against the City of Satsuma in such character and quantity as allowed by law.

## COUNT XI
### First Amendment § 1983 Claim for Retaliatory Arrest
### Against Duncan Herrington
### In His Individual Capacity and His Official Capacity
### By Plaintiff Felicia Lambert

101.   The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates paragraphs 1-100 above into this Count by reference.

102.   Plaintiff Felicia Lambert had a right to ask Defendant Herrington about filing a complaint against him for the incident that occurred at her home earlier that day as the words she uttered are protected speech under the First Amendment of the U.S. Constitution.

103.   Herrington had no arguable probable cause to arrest Felicia for what she said to him at the Satsuma Jail.

104.   Felicia came to the jail to pay her husband's bond and committed no crime either at her home earlier or at the jail.

105.   But for Felicia asking for information about how to file a complaint against Herrington, she would not have been arrested at the jail.

106.   Herrington had no legal right to arrest Felicia at the jail and did so as retaliation for what she said to him at the jail.

107.   Herrington chose to arrest Felicia when no crime had been committed and then to later try to justify the arrest by falsely claiming she had been disorderly.

108.   Herrington's conduct was negligent, wanton, willful, malicious, and without justification, and it caused the damages described hereinabove and as set out in Paragraph 38 of this Complaint.

WHEREFORE, premises considered, as the conduct of Herrington caused the aforedescribed damages, Plaintiff Felicia Lambert demands judgment against Defendant Herrington in such character and quantity as allowed by law.

## RELIEF SOUGHT

As relief, the Plaintiffs seek the following:

A) That they each be awarded an Order granting judgment against each Defendant;

B) That they each be awarded against each Defendant such compensatory and punitive damages as the law allows and as a jury shall determine from the evidence they are entitled to recover on each of their 42 U.S.C. § 1983 claims and on each of their state law claims;

C) That they be awarded prejudgment and post judgment interest at the highest rates allowed by law;

D) That they be awarded the costs of this action, and attorney fees as allowed under Title 42 U.S.C. § 1988 and reasonable expert witness fees; and

E) That they be awarded such other, further and different relief to which they are justly entitled.

**PLAINTIFFS REQUESTS A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY**

21

Dated May 11, 2020

_____
TONY LAMBERT
Plaintiff

STATE OF ALABAMA)
COUNTY OF MOBILE)

    Personally appeared before me, a Notary Public, in and for said County and State, TONY LAMBERT, who is known to me or who provided sufficient identity for me to ascertain his identity and who, after being duly sworn, deposed and said that he has read the foregoing Complaint and, to his knowledge, information and belief, the statements contained therein are true and correct.

    GIVEN under my hand and official seal this _11 TH_ day of May, 2020.

_____
Mariella C. Rone – Notary

My Commission Expires _06/29/2020_

Dated May 11, 2020

_____
FELICIA LAMBERT
Plaintiff

STATE OF ALABAMA)
COUNTY OF MOBILE)

    Personally appeared before me, a Notary Public, in and for said County and State, FELICIA LAMBERT, who is known to me or who provided sufficient identity for me to ascertain her identity and who, after being duly sworn, deposed and said that she has read the foregoing Complaint and, to her knowledge, information and belief, the statements contained therein are true and correct.

    GIVEN under my hand and official seal this _11 TH_ day of May, 2020.

_____
Mariella C. Rone – Notary

My Commission Expires _06/29/2020_

Respectfully submitted,

_____
Robert E. Rone (RONER4107)
3808 Moffett Rd.
Mobile, Alabama 36618
Telephone:    (251) 460-4405
Fax:    (251) 460-4406
Cell:    (251) 605-4503
Email:  robertrone333@aol.com

*Attorney for the Plaintiffs*