IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA LAMBERT and<br>TONY LAMBERT,<br><br>    Plaintiffs,<br><br>vs.<br><br>DUNCAN HERRINGTON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 19-00854-KD-B<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This action is before the Court on the Motion for Renewed Judgment as a Matter of Law, or in the alternative, Motion to Alter, Amend, or Vacate as to Plaintiff Felicia Lambert's Claim for an Award of Punitive Damages filed by Defendant Duncan Herrington, the response filed by Felicia Lambert, and Herrington's reply (doc. 152, doc. 157, doc. 158). Upon consideration, and for the reasons set forth herein, the Motion is denied.

    A. Background

Relevant to this motion, Felicia Lambert's action against Duncan Herrington was tried before a jury on five claims: 1) violation of her Fourth Amendment right to be free from false arrest; 2) violation of her Fourth Amendment right to be free from excessive force; 3) violation of her First Amendment right to free speech; 4) state law claim of false imprisonment or false arrest; and 5) state law claim of assault and battery. Herrington asserted the defense of qualified immunity to the constitutional claims. He asserted the defense of common law state-agent immunity (or discretionary function immunity) and statutory immunity to the state law claims.

At the close of Lambert's case, Herrington orally moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (unofficial transcript). In relevant part, Herrington argued that Lambert failed to provide sufficient evidence to show that he was not entitled to qualified

immunity as to the constitutional claims. Specifically, that she failed to show he did not have probable cause or arguable probable cause to detain or arrest her and failed to show that the amount of force he applied when detaining her was not objectively reasonable and therefore, excessive. He also argued that Lambert failed to meet her burden to show that he was not entitled to immunity as to the state law claims.[1]  Specifically, that she failed to show any evidence of the requisite mens rea.  The motion was denied. The Court found there was sufficient evidence for the action to proceed and that the jury could resolve issues of fact as to all claims (unofficial transcript).

After Herrington presented his defense, and at the close of all evidence, he orally moved again for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (unofficial transcript) and filed a written motion (doc. 138).  Again, the Court found there was sufficient evidence for the jury to reach a decision and the motion was denied (doc. 139).

The parties presented their respective closing argument. The Court then gave the jury their final instructions, including instructions regarding the form of the verdict, and the jury began its deliberation.

With respect to the verdict, the facts underlying the Fourth Amendment claims and the state law claims were the same, and therefore, the questions to the jury were grouped.  The Fourth Amendment false arrest claim and the state law false imprisonment or false arrest claim were addressed in Section I of the verdict.  The Fourth Amendment excessive force claim and the state law assault and battery claim were addressed in Section II of the verdict.  After deliberations, the jury answered as follows:

I. <u>False Arrest/False Imprisonment</u>

---

[1] Herrington also argued he was entitled to judgment as a matter of law as to the First Amendment violation claim.  Ultimately, the jury found in Herrington's favor as to that claim.

1. Has Plaintiff Felicia Lambert proven by a preponderance of evidence that Officer Herrington did not have probable cause to believe that Felicia Lambert had committed disorderly conduct?

    YES ___X___           NO _____

    If your answer to Question 1 is "NO", skip Questions 2 and 3

2. Has Plaintiff Felicia Lambert proven by a preponderance of evidence that a reasonable officer in the same circumstances as Officer Herrington would not have concluded, although possibly even mistakenly so, that probable cause was present?

    YES _Yes X_          NO _____

    If your answer to Question 2 is "No", skip Question 3.

3. Has Plaintiff Felicia Lambert proven by a preponderance of evidence that Officer Herrington acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority in making his decision to detain and/or arrest her?

    YES _____          NO ___X___

II. <u>Excessive Force/Assault</u>

4. Has Plaintiff Felicia Lambert proven by a preponderance of evidence that the force used in detaining and arresting her was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in detaining and/or arresting her under the same circumstances?

    YES _____           NO ___X___

    If your answer to Question 4 is "No", skip Question 5.[2]

5. Has Plaintiff Felicia Lambert proven by a preponderance of evidence that Officer Herrington acted willfully, maliciously, fraudulently, in bad faith, or

---

[2] Although instructed to skip Question 5, if the answer was "No" to Question 4, the jury answered Question 5.

3

beyond his authority as it concerns using an excessive amount of force towards Felicia Lambert in detaining and/or arresting her?

    YES _____          NO \_\_X\_\_

    . . .[3]

IV. <u>Damages</u>

Answer Question 9 only if you have found in Plaintiff Felicia Lambert's favor on at least one of her claims.

9. Was the Defendant's act the proximate or legal cause of any damages sustained by Felicia Lambert?

    YES \_Yes X\_          NO _____

If your answer to Question 9 is "No", skip Questions 10 and 11 and sign the verdict form.

10. Has Plaintiff Felicia Lambert proven by a preponderance of the evidence that the Plaintiff should be awarded damages to compensate for her costs, physical injury and/or emotional pain and mental anguish?

    YES \_\_X\_\_          NO _____

If your answer was "Yes", in what amount?

    $ <u>1,600</u>    costs
    $ <u>  35</u>    physical injury
    $ <u>   0</u>    emotional pain and mental anguish

11. Has Plaintiff Felicia Lambert proven by a preponderance of the evidence that Officer Herrington acted with malice or reckless indifference to Felicia Lambert's federal protected rights and that punitive damages should be assessed against Officer Herrington?

    YES \_\_X\_\_          NO _____

---

[3] Section III, Lambert's First Amendment Claim, is not at issue. The jury found that Lambert failed to prove her First Amendment claim (doc. 145-2).

If your answer was "Yes", in what amount?

$ <u>  15,000</u>

(Doc. 145-2).

After the verdict was read, the jury was polled and discharged. Neither party objected to the verdict (unofficial transcript).

The Court interpreted the verdict and ruled that the jury found in favor of Lambert only on her claim of false arrest in violation of the Fourth Amendment. Herrington was not entitled to qualified immunity because of the factual findings in Questions (1) and (2) in Section I. The Court ruled that as to the state law claim of false imprisonment, Herrington was entitled to state agent discretionary function immunity or statutory immunity based on the answer to Question (3) in Section I (doc. 145-2) (unofficial transcript).[4]

---

[4] The Eleventh Circuit has stated that "*Alabama state law immunity does not apply when a police officer has violated an individual's constitutional rights.* …And Alabama's probable cause and arguable probable cause standards are essentially the same as their federal counterparts." (doc. 96, p. 21) (Italics added). Thus, when the jury decided that Herrington did not have probable cause or arguable probable cause that Lambert committed disorderly conduct, and thus violated her constitutional rights, the verdict should have been interpreted to find in Lambert's favor on the state law claim for false imprisonment/false arrest, even though the jury found that he did not act willfully, maliciously, etc. (Question 3). At trial, neither party objected to this interpretation and judgment was entered that Lambert prevailed only on her 4th A claim of false arrest. Lambert brings this up in her response (doc. 157). She states that because Herrington violated her constitutional right, he "is not entitled to qualified immunity *or either form of state immunity*" (doc. 157, p. 6) (italics added). She cites <u>Taylor v. Hughes</u>, 920 F.3d 729, 734 (11th Cir. 2019) for the premise that "… Alabama state-law immunity applies only when a government actor is exercising a discretionary function and is inappropriate when he has violated someone's constitutional rights." (Id.).

However, Lambert has not moved to amend the judgment to include that she prevailed on this state law false arrest/false imprisonment claim. Moreover, at the end of trial, after the jury was discharged and the Court interpreted the verdict, Lambert did not object to the Court's interpretation.

The parties held an off-the-record discussion. At the end of the discussion and back on the record, the Court told the parties that judgment would be entered the next week to give them time to "work out some administrative" issues (unofficial transcript).

Herrington then filed a "Motion Regarding Entry of Judgment" pursuant to Fed. R. Civ. P. 49(b) and 58(b) and (d)[5] (doc. 142).  He believed "there was some degree of confusion" on the part of the jury and the award of punitive damages "should be analyzed and a determination of fact be made" (Id., p. 3). He argued that the answer to Question 3 could be consistent with the answer to Question 11 only "if the Jury concluded that [he] acted with 'reckless indifference' since a finding of malice under Question 11 would be inconsistent with the finding [of] no malice" in Question 3. (Id.).  He asked the Court to make a "specific finding" in the judgment that the "assessment of punitive damages is based upon the Jury's conclusion that [he] acted with reckless indifference" to Lambert's "federal protected rights" but not malice (Id).

In response, Lambert argued that the answers were not inconsistent because different questions were asked.  She argued that Question 3 asked about Herrington's "mindset when he made a decision to arrest and/or detain" but "Question 11 ask[ed] how Herrington acted in regard to [Lambert's] right not to be arrested without probable cause" (doc. 144, p. 2).  Lambert argued that the answers "were not inconsistent," instead "the Jury simply interpreted the words maliciously and malice differently in the contexts in which they were used." (Id).[6] She also argued that the answer to Question 3 was irrelevant to the jury's decision that "Herrington

---

[5] Rule 49(b) is captioned "General Verdict and Answers to Written Questions." Subparagraphs (2), (3) and (4) address inconsistent verdicts. Rule 58(b) is captioned "Entering Judgment" and addresses the procedure for entry of judgment. Rule 58(d) explains that a "party may request that judgment be set out in a separate document as required by Rule 58(a)."

[6] Lambert pointed out that the jury was given the definition of "malice" and "reckless indifference" but not the definition of "willfully, maliciously, fraudulently, in bad faith, or beyond his authority" (doc. 144, p. 1-2).

6

arrested Lambert without probable cause or arguable probable cause, and in doing so, that he intentionally violated her constitutional right." (Id., p. 3).

Herrington's "Motion Regarding Entry of Judgment" was denied (doc. 145, Order on Jury Trial).  In relevant part, the Court entered the following judgment:

> 1) JUDGMENT is entered in favor of Felicia Lambert and against Duncan Herrington as to her claim for violation of the Fourth Amendment (False Arrest) in the amount of $1,600.00 for costs, $35.00 for physical injury, and $15,000.00 in punitive damages; …

(Doc. 146).

B. Analysis

Herrington now moves pursuant to Fed. R. Civ. P. 50(b)(3) for judgment as a matter of law in his favor that Lambert is not entitled to punitive damages.  He raises an alternative argument under Fed. R. Civ. P. 59(e). He argues there is a manifest error of law as to the award of punitive damages because the verdict is inconsistent.  He requests the Court alter or amend the judgment to strike the punitive damages award.

I. Renewed motion for judgment as a matter of law.

Rule 50(b) applies when a motion for judgment as a matter of law is renewed after trial. The Rule provides as follows:

> [i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject *to the court's later deciding the legal questions raised by the motion.* … In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed.R.Civ.P. Rule 50(b) (Italics added).

The "'standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion [under 50(a)].'" McGinnis v. Am. Home Mortgage Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. 2016)

(quoting Chaney, 483 F.3d at 1227) (alteration in original). "Thus, as with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is 'legally sufficient ... to find for the party on that issue.'" McGinnis, 817 F. 3d at 1254 (citing Fed. R. Civ. P. 50(a)(1)).  "In considering whether the verdict is supported by sufficient evidence, 'the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party.' … And, as we have stressed, '[i]t is the jury's task—not [the court's]—to weigh conflicting evidence and inferences, and determine the credibility of witnesses.'" Id. (citations omitted). The court gives "credence to evidence supporting the nonmoving party's case, as well as 'uncontradicted and unimpeached' evidence supporting the moving party, 'at least to the extent that that evidence comes from disinterested witnesses.'" Hubbard v. BankAtlantic Bancorp, Inc., 688 F.3d 713, 724 (11th Cir. 2012) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).).

"[A]ny renewal of a motion for judgment as a matter of law under Rule 50(b) must be based on the same grounds as the original request for judgment as a matter of law prior to the case being submitted to the jury." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007).  Therefore, "in ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." Id. Handley v. Werner Enterprises, Inc., No. 7:20-CV-235 (WLS), 2023 WL 1805133, at *10 (M.D. Ga. Feb. 7, 2023) ("A Rule 50(b) motion is made after the case has been submitted to the jury, "thereby insuring that a motion for such a judgment is used only to invite the district court to reexamine its decision not to direct a verdict as a matter of law, *not to reexamine facts found by the jury*." 27A Fed. Proc., L. Ed. § 62:695 (Supp. 2022)") (emphasis in original); Progressive Emu, Inc. v. Nutrition & Fitness, Inc., No. 2:12-CV-01079-

8

AKK, 2018 WL 2445679, at *2 (N.D. Ala. May 31, 2018), aff'd, 787 Fed. Appx. 549 (11th Cir. 2019) ("In other words, when 'considering a Rule 50(b) motion after the jury verdict, 'only the sufficiency of the evidence matters. The jury's findings are irrelevant.'") (Quoting Cadle v. GEICO Gen. Ins. Co., 838 F.3d 1113, 1121 (11th Cir. 2016) (quoting Connelly v. Metro Atlanta Rapid Transit Auth., 764 F.3d 1358, 1363 (11th Cir. 2014)).

Previously, in the Motion for Judgment as a Matter of Law at the Close of All Evidence, Herrington argued that the Lamberts "have failed to prove that the Defendant acted with malice or reckless indifference to the Plaintiffs' federally protected rights so as to warrant an award of punitive damages." (doc. 138, p. 3). Herrington renews his argument that "Lambert has failed to provide sufficient evidence to establish her claim for punitive damages" based on events that occurred when Herrington went to Lambert's home to request that she return a child's air rifle to a neighbor Teresa Strickland (doc. 152). In support, he provides the following summary of the trial testimony.

> When Herrington and Strickland arrived at the Lambert property on October 24, 2017, Felicia Lambert began yelling at Theresa Strickland. Strickland then left the Lambert property. Another neighbor, Kim Pitts, also heard the yelling. Both Pitts and Strickland testified that Lambert could be heard yelling from across the street. Duncan Herrington made the decision to detain Felicia Lambert. Herrington then made the decision not to arrest Felicia Lambert at the scene because he was not comfortable leaving Matthew [Lambert's adult son] alone with the two minor children. Felicia Lambert was arrested later that evening and charged with disorderly conduct.

(Doc. 152, p. 2) (bracketed text added).

Herrington argues there is no evidence that he "acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority in making his decision to detain" Lambert (Id., p. 2). In support, he adopts by reference the arguments previously made in his Motion for Judgment as a

9

Matter of Law at the Close of All Evidence and his Motion Regarding Entry of Judgment[7] (docs. 138, 142).

      The Court of Appeals for the Eleventh Circuit has "'explained that '[a]n award of punitive damages is authorized in a civil rights case if "the defendant was motivated by an evil motive or intent, or there [was] reckless or callous indifference to federally protected rights[.]"'" Forsberg v. Pefanis, 634 Fed. Appx. 676, 680 (11th Cir. 2015) (citing Davis v. Locke, 936 F.2d 1208, 1214 (11th Cir.1991) (quoting Anderson v. City of Atlanta, 778 F.2d 678, 688 (11th Cir.1985)).  Viewing the evidence and drawing "all reasonable factual inferences in favor of the nonmoving party," Lambert, the Court finds that the evidence was sufficient for a reasonable jury to find that Herrington acted with reckless indifference to Lambert's federal protected right to be free from seizure without probable cause when he arrested Lambert at the police station for allegedly being disorderly at the police station.[8] Although Lambert argues that the detention of Lambert at her home was the basis of the jury's verdict, the Court finds that a rational reconciliation of the verdict is that the jury's determination was that the arrest at the station without probable cause to believe that Lambert was disorderly at the police station (and not the detention at Lambert's home) was the violation.  Brown v. Yaring's of Texas, Inc., No. CV 1:21-00355-KD-C, 2023 WL 2021713, at *3 (S.D. Ala. Feb. 15, 2023) (quoting Jackson v. State of Alabama State Tenure Com'n, 405 F.3d 1276, 1281 (11th Cir. 2005)).

      II. Motion to alter or amend a judgment.

---

[7] The referenced prior motion is not consistent with Herrington's current argument.  In the Motion Regarding Entry of Judgment", Herrington moved the Court to address an inconsistency between the jury's answers to Question 3 and Question 11 and find that the jury's award of punitive damages was based on "reckless indifference" to Lambert's federal protected rights, as opposed to "malice" (doc. 142).  He now asks the Court to find that there was no basis for an award of punitive damages.  In other words, no reckless indifference or malice.

[8]

Herrington brings his motion pursuant to Rule 59(e) motion (doc. 152, p. 2). He argues that the "prevailing view is that Rule 59(e) 'in its role of correcting manifest errors of law, may be used to contest verdict inconsistencies." Steven S. Gensler & Lumen N. Mulligan, Rule 59. New Trial; Altering or Amending a Judgment, 2 Fed. R. Civ. P., Rules and Commentary Rule 59 (2022)." Gensler and Mulligan cite to Loughridge v. Chiles Power Supply Co., Inc., 431 F.3d 1268, 1275 (10th Cir. 2005) and Heil Co. v. Evanston Ins. Co., 690 F.3d 722, 727 (6th Cir. 2012). Loughridge, in turn, cites to Munafo v. Metro. Transit Auth., 381 F.3d 99, 105 (2d Cir. 2004); Top of Iowa Co-op. v. Schewe, 324 F.3d 627, 632 (8th Cir. 2003); Turyna v. Martam Const. Co., Inc., 83 F.3d 178, 181–82 (7th Cir. 1996). The Court has been unable to find a decision by the Court of Appeals for the Eleventh Circuit finding that Rule 59(e) may be used to correct verdict inconsistencies as manifest errors of law.

In this Circuit, inconsistencies in a verdict are generally analyzed pursuant to Rule 49(b). The case upon which Herrington relies to argue that a "verdict is inconsistent when there is 'no rational, non-speculative way to reconcile … two essential jury findings," Reider v. Philip Morris USA, Inc., 793 F.3d 1254, 1259 (11th Cir. 2015), conducted the analysis pursuant to Rule 49(b)(3)-(4). Specifically, explaining that "[i]f a jury's verdict cannot be reconciled and the jury's answers to the written questions are inconsistent with each other or the verdict, the district court has the discretion to direct the jury to further consider its answers and verdict, or order a new trial." Id. (citing Fed. R. Civ. P. 49(b)(3)-(4)). Thus, the Court will analyze the motion as brought pursuant to Rule 49(b). See Montero v. Nandlal, 682 Fed. Appx. 711 (11th Cir. 2017) (unreported opinion).

Relying on the answers to Questions 3, 4, and 5, as inconsistent with the answer to Question 11, Herrington argues:

11

> The Jury has determined Defendant acted reasonably, did not use excessive force, and did not act with malice in making his decision to detain Felicia Lambert. Conversely, the Jury also found that Defendant acted with malice or reckless indifference, and that punitive damages should be assessed. The verdict is inconsistent.

(Doc. 152, p. 3). Herrington "requests that the Court reconcile the inconsistent Verdict by amending the judgment … and striking the award of punitive damages as manifest error of law" (Id., p. 4).

    a. <u>Waiver of objection to an inconsistent verdict.</u>

Lambert argues that Herrington waived or forfeited his right to object to the verdict as inconsistent because he failed to raise the objection before the jury was discharged (doc. 157). She points out that Herrington first raised this objection in his post-trial Motion Regarding Entry of Judgment (Id., citing doc. 142).[9] She also argues that Herrington "cites no authority holding that Rule 59(e) relieves" him "from the obligation to object to an inconsistent verdict before the jury is discharged in order to avoid forfeiting the objection." (Id., p. 4).

In reply, Herrington argues that "[w]hen the jury returned its verdict at trial defense counsel recognized the inconsistency in the verdict" and that was the reason why "the parties jointly requested that the Court withhold entry of judgment so that the parties could attempt to resolve the inconsistency" (doc. 158, p. 1). Herrington argues that "[i]n the heat of trial" he need

---

[9] In support of her waiver argument, Lambert admits she did not object to another inconsistency in the verdict, and therefore, waived her own objection. She argues that the jury found Herrington did not have probable cause or arguable probable cause to detain or arrest her but inconsistently found that he did not use excessive or unreasonable force in effecting the detention or arrest. She points out that the jury was instructed twice that "[i]f an officer does not have probable cause to detain or make an arrest, any amount of force to achieve the detention or arrest, is excessive" (doc. 157, p. 5; doc. 144, p. 2). She also points out that the jury awarded $35.00 for physical injury (Question 10) and punitive damages based on malice or reckless disregard for her federal protected right (Question 11). Therefore, the jury found that she incurred some injury, i.e., "any amount of force to achieve the detention."

not thoroughly set forth his argument, "but he must say enough to 'put the court on notice as to his concern' and preserve the issue on appeal." (Id.).

In Reider v. Phllip Morris USA, Inc., 793 F. 3d 1254 (11th Cir 2015), the Eleventh Circuit held that

> A party must object to a verdict as inconsistent before the jury has been dismissed. See Walter Int'l Prods., Inc. v. Salinas, 650 F.3d 1402, 1419–20 (11th Cir.2011). See also Coralluzzo, 86 F.3d at 186 ("[C]hallenges to the inconsistency of special verdicts must be raised before the jury is excused."). Indeed, failure to object to an inconsistent verdict before the jury is excused forfeits the objection. See Mason v. Ford Motor Co., 307 F.3d 1271, 1275–76 (11th Cir.2002) ("[The defendant's] failure to raise its objection before the jury was discharged waived the right to contest the verdicts on the basis of alleged inconsistency."). "The reason for this particular raise-it-or-lose-it rule is that if the inconsistency is raised before the jury is discharged, the jury can be sent back for further deliberations to resolve the inconsistency in its verdict or interrogatory answers," but once the jury is gone "that is not possible." Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1225 (11th Cir.2012).

Reider, at 1259-1260.

Herrington failed to preserve his objection to the inconsistency of the verdict <u>before</u> the jury was discharged. Therefore, it is waived.

b. <u>Whether the verdict is inconsistent.</u>

However, even if Herrington properly preserved the objection, the Court finds the verdict is not inconsistent. The Court of Appeals for the Eleventh Circuit explains as follows:

> A verdict is inconsistent when there is "no rational, non-speculative way to reconcile ... two essential jury findings." *Witt v. Norfe, Inc.,* 725 F.2d 1277, 1278 (11th Cir.1984) (alteration in original; internal quotation marks and citation omitted). A district court "must make all reasonable efforts to reconcile an inconsistent jury verdict and if there is a view of the case which makes the jury's answers consistent, the court must adopt that view and enter judgment accordingly." *Burger King Corp. v. Mason,* 710 F.2d 1480, 1489 (11th Cir.1983). *See also Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364,

>   825 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); *Aquachem Co. v. Olin Corp.,* 699 F.2d 516, 521 (11th Cir.1983) ("[T]he Seventh Amendment demands that, if there is a view of the case which makes the jury's answers consistent, this Court must adopt that view.") (internal quotation marks and citations omitted). To determine whether a conflict in the verdict can be reconciled, a district court must ask whether the jury's answers could reflect "a logical and probable decision on the relevant issues ... submitted." *Burger King,* 710 F.2d at 1489 (citing *Griffin v. Matherne,* 471 F.2d 911, 915 (5th Cir.1973)).

Reider v. Philip Morris USA, Inc., 793 F.3d 1254, 1259-1260 (11th Cir. 2015).

Herrington argues that the verdict is inconsistent because the jury found that he did not act "willfully, maliciously fraudulently, in bad faith, or beyond his authority" in deciding to arrest or detain Lambert (Question 3), did not use "excessive or unreasonable" force in detaining or arresting her (Question 4), and did not act "willfully, maliciously fraudulently, in bad faith, or beyond his authority as it concerns using excessive amount of force" when detaining or arresting her"(Question 5), but then found he acted with "malice or reckless indifference" to her federal protected rights and awarded punitive damages (Question 11).  He argues that there is no rational, or non-speculative way to resolve these findings, the inconsistencies are not harmless, and therefore, the Court should make all reasonable efforts to reconcile the verdict, so it reflects a logical and probable decision. Specifically, that the award of punitive damages should be stricken as a manifest error of law (doc. 152, doc. 158).

The jury was instructed as follows:

>   Now, punitive damages.  If you find for the Lamberts, but also find that Herrington acted with malice or reckless indifference to their federally protected rights, the law allows you in your discretion to award the Lambert punitive damages as a punishment for Herrington and as a deterrent to others. So you understand that compensatory damages are there if you find for them. But in order to award punitive damages, it goes up a level. You have to find that he acted with malice or reckless indifference to their rights.

> And I'm going to explain what that is. They have to find – excuse me – The Lamberts must prove by a preponderance of the evidence they are entitled to punitive damages. Now, Herrington acts with malice if his conduct is motivated by evil intent or motive. Herrington acts with reckless indifference to the protected federal rights of the Lamberts when he engages in conduct with a callous disregard for whether the conduct violates the Lamberts' protected federal rights.

The Court finds that the verdict can be resolved as not inconsistent. The jury could have found that Herrington acted with reckless disregard for Lambert's rights when he arrested her at the police station without probable cause that she was disorderly <u>at the police station</u>. A person can act recklessly but not "willfully, maliciously, fraudulently, or in bad faith." And as to "beyond his authority", the Court failed to instruct the jury as to its meaning. So, the Court cannot speculate as to the meaning the jury ascribed.

  c. <u>Qualified immunity</u>.

Herrington does not mention "qualified immunity" in his Renewed Motion (doc. 152). However, in paragraph 8, embedded within his alternative argument that the verdict is inconsistent, raised pursuant to Rule 59(e), he makes the following statement:

> As explained above, there is no evidence that Duncan Herrington acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority in making his decision to detain Felicia Lambert. The Jury's response to question three (3), is consistent with this evidence and makes that conclusion. However, in response to question eleven (11), the Jury also found that Duncan Herrington acted with malice or reckless indifference, and that punitive damages should be awarded. Doc. 141. *However, if Officer Herrington acted within his authority objectively he would be entitled to immunity because intent and motivation are not relevant in officers individually liable*. See, *Crosby v. Paulk*, 187 F.3d 1339, 1344 (11th Cir. 1999).

(Doc. 152, p. 8) (italics added). [10]

---

[10] "The qualified immunity defense "embodies an 'objective reasonableness' standard, giving a government agent the benefit of the doubt," provided that the conduct was not "so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed" the acts. [ ] *Because "we have*

Lambert responds to this quote from Crosby v. Paulk and argues "[g]overnment officials who violate a plaintiff's constitutional rights are not entitled to immunity.  Clearly the jury found that Herrington violated Felicia Lambert's right to be free from seizure without actual or arguable probable cause. Because he violated Felicia Lambert's constitutional right, Herrington is not entitled to qualified immunity or either form of state immunity." (doc. 157, p. 6-7, ¶ 8).  In support, Lambert quotes Taylor v. Hughes, 920 F. 3d 729, 734 (11th Cir. 2019), for the finding that "qualified immunity is appropriate only when a government actor is exercising a discretionary function and has not violated a clearly established statutory or constitutional right. [ ] Similarly, Alabama state-law immunity applies only when a government actor is exercising a discretionary function and is inappropriate when he has violated someone's constitutional rights." Taylor, 920 F. 3d at 734.

In reply, Herrington clarifies his argument. Specifically, he now argues that "a logical and probable interpretation of the verdict demonstrates that Defendant Herrington is cloaked with qualified immunity" (doc. 158, p. 2-3) (Reply).  Relying on the answers to Questions 3, 4, and 5, he argues that the "verdict clearly states that Herrington acted reasonably and within the scope of his discretionary authority. For these reasons, the Court should amend its judgment to state that Herrington is entitled to the protections of qualified immunity." (Id., p. 4).

Herrington ignores the remainder of the qualified immunity analysis.  To be protected by qualified immunity, he must demonstrate that he was acting within the scope of his discretionary authority. Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998).  However, once discretionary authority is established, qualified immunity provides protection from liability when the defendant's conduct "does not violate clearly established statutory or constitutional rights of

---

'rejected the inquiry into [an official's] state of mind in favor of a wholly objective standard,' " the government actor's intent and motivation are insignificant in determining entitlement to

which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

Here, the jury found that Lambert has shown by a preponderance of the evidence that Herrington did not have probable cause or arguable probable cause to believe that Lambert had committed disorderly conduct, i.e., a crime (Questions 1 and 2, doc. 145-2). In that regard, the Eleventh Circuit has held "[t]here is no question that an arrest without probable cause to believe a crime has been committed violates the Fourth Amendment." Lambert v. Herrington, No. 21-10452, 2022 WL 2345769, at *5 (11th Cir. June 29, 2022) (citing Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997)); Crosby v. Paulk, 187 F.3d 1339, 1344 (11th Cir. 1999) ("Qualified immunity protects government officials who have acted within their discretionary authority from civil trials and other litigation burdens 'if their conduct violates no learly established statutory or constitutional rights of which a reasonable person would have known.'" (citations omitted).

III. Conclusion.

For the reasons set forth herein, Herrington's motion is denied.

**DONE** and **ORDERED** this 26th day of May 2023.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

*qualified immunity."* Crosby v. Paulk, 187 F.3d 1339, 1344-1345 (11th Cir. 1999) (italics added) (citations omitted).