# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FELICIA LAMBERT and TONY LAMBERT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 19-00854-KD-B |
| DUNCAN HERRINGTON, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This action is before the Court on the Motion for Attorney's Fees and Expenses and Exhibits filed by Plaintiff Felicia Lambert (doc. 150), Defendant Duncan Herrington's response and Exhibits (docs. 154, 155), and Lambert's reply (doc.156). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED in part and DENIED in part.

I. <u>Background.</u>

Felicia Lambert and her husband Tony Lambert filed an eleven count Section 1983 civil rights and state law tort complaint against Police Officer Duncan Herrington and the City of Satsuma, his employer. The two claims against the City of Satsuma were dismissed and it was dismissed from this action. The Lamberts went to trial on the remaining nine claims. The jury found in favor of Herrington as to Tony's four claims. The jury found in favor of Felicia as to two of her five claims. Specifically, her claim of false arrest in violation of the Fourth Amendment and claim of false imprisonment/false arrest under state law.

Lambert now seeks attorney fees in the amount of $198,400.00 plus expenses and costs in the amount of $22,906.24. Herrington opposes the motion.

II. Prevailing party.

Title 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The parties do not dispute Lambert's status as a prevailing party.  However, her status as a prevailing party for purposes of attorney's fees is a legal question subject to de novo review. Beach Blitz Co. v. City of Miami Beach, Fla., 13 F.4th 1289, 1297 (11th Cir. 2021) ("We review the factual findings underlying the district court's prevailing party determination for clear error. … Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed de novo.") (citations and internal quotations omitted).

Lambert prevailed on her Section 1983 claim that Herrington violated her rights under the Fourth Amendment when he falsely arrested her.  She obtained a jury verdict for damages, albeit a small percentage of the amount she sought at trial. Thus, Lambert has prevailed on a "significant issue" and achieved "some of the benefits sought by bringing suit." Garrido v. Sec'y, Fla. Agency for Health Care Admin., 658 Fed. Appx. 973, 977 (11th Cir. 2016) (quoting Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 678 F.3d 1199, 1201 (11th Cir. 2012)). Additionally, a "judicially sanctioned change in the legal relationship of the parties" has occurred. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources, 532 U.S. 598, 605, 121 S.Ct. 1835, 1840 (2001).  See Smalbein v. City of Daytona Beach, 353 F.3d 901, 904-05 (11th Cir. 2003) ("In other words, there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties.") (quotation marks, citation, and emphasis omitted).

III. <u>Costs and expenses.</u>

Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2), Lambert seeks "an award of fees and expenses" in the total amount of $22,906.24 (doc. 150, Motion for Attorney's Fees and Expenses). He also filed a Bill of Costs (doc. 150-3).

As previously stated, § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] … 1983, of this title, … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" Rule 54(d)(2) provides that a "claim for attorney's fees and related nontaxable expenses" must be made by a motion.

In the Eleventh Circuit, in an action pursuant to 42 U.S.C. § 1983, where a reasonable attorney's fee is requested pursuant to § 1988, an award of expenses may exceed the statutory costs found in 28 U.S.C. § 1920 and 28 U.S.C. § 1821. <u>Thompson v. Smith</u>, 805 Fed. Appx. 893, 910 (11th Cir. 2020) "Section 1988 provides, in relevant part, that 'the [district] court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.' 42 U.S.C. § 1988(b). This Court has held that expenses are considered a part of an attorney's fee award under § 1988") (citing <u>Dowdell v. City of Apopka</u>, 698 F.2d 1181, 1190 (11th Cir. 1983) ("Reasonable attorneys' fees under [§ 1988] must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation.")); <u>ACLU of Georgia v. Barnes</u>, 168 F.3d 423, 438 (11th Cir. 1999) (" '[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988.'") (quoting <u>Dowdell</u>, 698 F.2d at

1192. An exception applies to requests for expert witness fees, as discussed herein. (See Section III(d)(2)).

A. Fees of the Clerk

Lambert seeks to recover the $400.00 filing fee. Fees of the Clerk are allowed by statute, 28 U.S.C. § 1920(1) and are also a reasonable expense incurred in this litigation. Thus, costs are awarded in the amount of $400.00.

B. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

Lambert seeks costs of $2,493.95 for deposition transcripts (doc. 150-3). She asserts that the depositions were "necessarily incurred in the case" (doc. 150-1, p. 5, Rone affidavit). In support, Lambert provides the court reporter's invoices for eight depositions (doc. 150-4, p. 13-19). The Court, upon review of the record and the invoices, finds that the deposition transcripts were necessarily obtained for use in this case and are recoverable pursuant to 28 U.S.C. § 1920(2) and as a reasonable expense incurred in this litigation. Dowdell, 698 F. 2d at 1192. Defendant Herrington, Plaintiff Tony Lambert, and an expert witness were deposed and all three testified at trial. Five fact witnesses were deposed, all but one testified at trial.[1] Deposition excerpts for Herrington, Tony Lambert, Strickland, and White, were listed as exhibits to Lambert's response to Herrington's motion for summary judgment (doc. 81, p. 1, Exhibit list). Also, costs of exhibit copies and the per diem of the court reporter are allowable pursuant to 28 U.S.C. § 1920(2), if "necessarily obtained for use in the case." Id. And as previously stated, allowable costs may exceed those allowed by statute. Barnes, 168 F.3d at 438.

With the above as guidance, costs are allowed as follows:

---

[1] Richard Dix, Jana Dukes, Theresa Strickland, and Marquis Parsons testified at trial. Jovan White did not.

1) Duncan Herrington. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, and exhibits. Thus, costs are allowed in the amount of $420.50 (doc. 150-4, p. 13).

2) Richard Dix. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, and exhibits. Thus, costs are allowed in the amount of $322.70 (doc. 150-4, p. 14).

3) Jana Dukes. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, and exhibits. Thus, costs are allowed in the amount of $384.20 (doc. 150-4, p. 15).

4) Theresa Strickland. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, exhibits, and delivery cost. Thus, costs are allowed in the amount of $295.20 (doc. 150-4, p. 16).

5) Jovan White. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, exhibits, and delivery cost. Thus, costs are allowed in the amount of $199.60 (doc. 150-4, p. 17).

6) Marquis Parsons. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, exhibits, and delivery cost. Thus, costs are allowed in the amount of $199.60 (doc. 150-4, p. 17).

7) Tony Lambert. The court reporter invoiced a lump sum of $317.90, which makes it impossible to determine whether any part of the invoiced amount was for items not allowed. However, the amount does not appear unreasonable. Thus, costs are allowed in the amount of $317.90 (doc. 150-4, p. 18).

8) Mark Dunston. Lambert may recover costs of the court reporter's per diem, an original and one copy of the transcript, exhibits, and delivery cost. Thus, costs are allowed in the amount of $354.25 (doc. 150-4, p. 19).

<u>C. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.</u>

Lambert seeks fees for exemplification and copies in the amount of $256.99 (doc. 150-3). She asserts that these costs were necessarily incurred in this case (doc. 150-1, p. 5). In support, Lambert provides invoices from a photography business for digital photographs and a printing business (doc. 150-4, p. 7-8). Photographs of the Lamberts' injuries were used at trial. Also, based upon the Court's knowledge of the extent of this litigation, the costs of copies, $115.13, does not appear unreasonable. These costs are allowable pursuant to 28 U.S.C. § 1921(4). Thus, costs are awarded in the amount of $256.99.

D. <u>Other costs</u>.

1. <u>Costs of the temporary paralegal.</u>

Lambert seeks costs for a contract paralegal who assisted with trial preparation and trial (doc. 150-3, doc.150-1, p. 5). Lambert states that the paralegal was paid $25.00 per hour for 163.5 hours for a total of $4,087.50. In <u>Missouri v. Jenkins</u>, 491 U.S. 274, 109 S. Ct. 2463 (1989), the Supreme Court explained that the award of a reasonable attorney's fee under 42 U.S.C. § 1988, in a Section 1983 action, included compensation for the work of paralegals when performing tasks that would customarily be performed by an attorney. 491 U.S. at 285; 109 S. Ct. at 2470 ("the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys"). The prevailing practice in this district is to move for an award of paralegal fees as part of the attorney's fee, subject to the lodestar analysis, instead of including the paralegal fees in the Bill of Costs. See <u>Allen v. U.S. Steel Corp.</u>, 665 F.2d 689, 697

(11th Cir. 1982) ("Even though separately billed to the client, paralegal expenses are not 'costs' within the meaning of Rule 54(d). Such expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses.") (citation omitted); Johnson v. Borders, 36 F. 4th 1254, 1278 n. 40 (11th Cir. 2022) ("Under the lodestar method, district courts determine attorney's fees based on the product of the hours reasonably spent on a case multiplied by a reasonable hourly rate. … The resulting product is known as the lodestar, which is strongly presumed to represent an appropriate attorney's fee.").

This Court typically finds that $75.00 per hour is a reasonable hourly rate for a paralegal performing work customarily performed by an attorney, unless the paralegal possesses extraordinary qualifications, experience, or expertise, or skill in a specialized area of the law. McConnell v. Am. Gen. Life Ins. Co., No. CV 19-0174-WS-MU, 2020 WL 3452983, at *8 (S.D. Ala. June 24, 2020) (finding local prevailing market rate for paralegals was $75.00 per hour); Hancock Whitney Bank v. Mason, No. CV 20-00010-KD-C, 2020 WL 3440939, at *1 (S.D. Ala. June 23, 2020) (finding $75.00 per hour was a reasonable hourly rate for a paralegal); Troxel v. Gunite Pros, LLC, No. 21-CV-57-WS-N, 2022 WL 17416492, at *4 (S.D. Ala. Dec. 5, 2022) (declining to award $145.00 per hour without a showing of extraordinary qualifications or expertise and allowing $75.00 per hour as the standard lodestar hourly rate).

As indicated, the Court must determine whether the paralegal performed work that is customarily performed by an attorney and not clerical in nature, because the latter is not compensable. Missouri v. Jenkins, 491 U.S. at 285. "Work performed by a paralegal that is not work traditionally done by an attorney is 'unrecoverable overhead expens[e].'" McConnell v.

Am. Gen. Life Ins. Co., No. CV 19-0174-WS-MU, 2020 WL 3452983, at *8 (S.D. Ala. June 24, 2020) (citation omitted).

However, Lambert did not provide any time records for the paralegal. Therefore, the Court cannot determine whether the paralegal performed work that was customarily performed by an attorney as opposed to non-compensable clerical work.[2]  Even if the Court applied $75.00 per hour as a reasonable hourly rate, without time records showing the work performed and hours expended, the Court is unable to apply the lodestar analysis and determine whether the paralegal fees are reasonable. Thus, costs for a temporary paralegal are not awarded.

    2. Expert witness fees.

Lambert seeks $7,250.00 for fees paid to Lambert's expert witness and $500.00 for Herrington's "expert Mark Dunston depo fee" for a total of $7,750.00 (doc. 150-1, p. 5; doc. 150-3, doc. 150-4, p.1, 5-6). Even though the Court of Appeals for the Eleventh Circuit has found many expenses are recoverable as part of a reasonable attorney's fee in § 1983 actions, Dowdell, 698 F. 2d at 1189-92, the Supreme Court has explained that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded by statute as stated in* U.S. E.E.O.C. v. W&O, Inc.,213 F. 3d 600, 620 (11th Cir.

---

[2]  Lambert did explain that the "trial subpoenas were served by a paralegal" and that the paralegal assisted with "trial preparation, trial and preparation of Plaintiff's Motion for Attorney's Fees and Costs" (doc. 150-1, p. 5).  Service of subpoenas is not work typically performed by an attorney and therefore, not recoverable. The description of work performed as "trial preparation, trial and preparation" of a motion is too generic to decide whether the paralegal was performing work typically performed by an attorney.

2000)).³ And the Supreme Court has also explained that expert witness fees cannot be allowed to prevailing parties in § 1983 actions because § 1988 did not specifically allow recovery of expert fees as part of the attorney's fees in § 1983 actions. West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 89, n. 4, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) (discussing Crawford Fitting and contrasting § 1988 with other statutes that specifically allowed expert fees as part of attorney's fees); Rimini St., Inc. v. Oracle USA, Inc., 203 L. Ed. 2d 180, 139 S. Ct. 873, 878 (2019) (discussing Crawford Fitting and Casey);⁴ Duckworth v. Whisenant, 97 F. 3d 1393, 1399 (11th Cir. 1996) (compensation or fees for expert witness are not recoverable); Stout v. Jefferson Cnty. Bd. of Educ., 2019 WL 7811389, at *25, n. 33 (N.D. Ala. Dec. 23, 2019) (noting that "[u]nder the Civil Rights Attorney's Fees Awards Act, expert witness expenses are not compensable for § 1983 claims, West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83 (1991), *superseded in part by* 42 U.S.C. § 1988(c)" but awarding expert fees "as a sanction for bad-faith conduct.").

---

³ After the decision in Casey, Congress amended 42 U.S.C. § 1988 to include subparagraph (c), captioned "Expert Fees". See Section 113 of the Civil Rights Act of 1991. Subparagraph (c) states that "In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." Congress specifically did not include § 1983. Thus, there is no statutory authority for including expert fees as part of attorney's fees under 42 U.S.C. § 1988 in an action pursuant to § 1983. See Troche v. City of Orlando, No. 6:14-CV-419-ORL-22, 2015 WL 631380, at *6–7 (M.D. Fla. Feb. 13, 2015); Webster Greenthumb Co. v. Fulton County, Ga., 112 F. Supp. 2d 1339, 1379-1380 (N.D. Ga. 2000) (outlining the history of the amendment to § 1988 to allow expert fees for actions pursuant to § 1981).

⁴ "In *Casey*, we interpreted 42 U.S.C. § 1988, the federal statute authorizing an award of 'costs' in civil rights litigation. We described *Crawford Fitting* as holding that §§ 1821 and 1920 'define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.' 499 U.S. at 86, 111 S.Ct. 1138. In accord with *Crawford Fitting*, we concluded that § 1988 does not authorize awards of expert witness fees because § 1988 supplies no "'explicit statutory authority'" to award expert witness fees. 499 U.S. at 87, 111 S.Ct. 1138 (quoting *Crawford Fitting*, 482 U.S. at 439, 107 S.Ct. 2494)." Rimini St., Inc., 139 S. Ct. at 878.

However, under 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40.00 for each day's attendance at trial or deposition.[5] Review of the invoices and record indicates that Lambert's expert witness Rowland attended trial for one day, and attended his deposition which appears to have lasted one day. An attendance fee of $80.00 is awarded. Review of the record indicates that Herrington's expert witness Dunston was noticed for deposition by Lambert and the deposition appears to have taken one day (doc. 150-4, p. 19).  An attendance fee in the amount of $40.00 is awarded.

   3. Fees for appellate brief writing service.

Lambert seeks expenses in the amount of $7,299.00 for Counsel Press, a brief-writing service that helped write and file the brief on interlocutory appeal (doc. 150-4, p. 2, p. 24-28). Although Lambert seeks $7,299.00, the invoices from Counsel Press total $8,949.00.  Counsel Press invoiced 28 hours for research and writing at an hourly rate of $275.00 for a total of $7,700.00 (doc. 150-4, p. 25) and expenses in the amount of $1,249.00 (doc. 150-4, p. 24). However, Lambert has failed to clarify the services of Counsel Press. And it appears that Lambert's brief on appeal may have been written by a paralegal under the supervision of Lambert's attorney.  The brief is signed by her attorney Robert Rone and the Certificate of Service was signed by Catherine B. Simpson of Counsel Press.  According to the website, Simpson is a Senior Appellate Paralegal and has been with the company since 2005.  She specializes in appellate work in the states of Virginia, West Virginia, and South Carolina; the Fourth and Eleventh Circuits; and the Supreme Court.

---

[5] "(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821. The costs of a witness's travel may be recoverable, but Rowland did not itemize travel expenses on the invoice. 29 U.S.C. § 1821(c).


https://www.counselpress.com/page_our_team_member.cfm?contactid=31132.

Lambert's attorney reviewed the drafts and provided "information, documents, and feedback to Counsel Press" (doc. 150-1, p. 4). In this circumstance, the fees for research and writing by a paralegal supervised by an attorney should be analyzed under the lodestar analysis (for a paralegal) as part of the attorney's fees. (See Section III(d)(1) and Section IV).

As to a reasonable hourly rate, Counsel Press invoiced at the rate of $275.00 per hour. Generally, the "reasonable hourly rate" is defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895–896 n. 11, 104 S. Ct. 1541 (1984). The "relevant market" is usually the "place where the case is filed." Barnes, 168 F.3d at 437 (citation and internal quotation marks omitted). Overall, the court is "'itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citation omitted).

The invoice indicates 28 hours of work for "research and writing", but there is no itemization of the work performed. However, the Court is familiar with the issues presented on appeal and finds that 28 hours for research and writing is reasonable. Accordingly, the Court finds that the lodestar of $2,100.00, composed of 28 hours of research and writing multiplied by a reasonable hourly rate of $75.00 is a reasonable fee for the services of an appellate paralegal.

The Court will also allow the costs of $1,249.00 for filing the appellate brief. The invoice includes "preparation of brief" which appears to mean physical preparation of the brief for filing and service, not research and writing. The invoice includes costs for brief covers, table of contents and citations, electronic filing, service of documents, filing of documents, and shipping

11

and handling.  Although shipping and handling is often considered a routine office overhead, which is not compensable, the Court will allow these costs in this circumstance.  Barnes, 168 F.3d at 438 ("'[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988.'").

      4. Miscellaneous expenses.

Lambert seeks $13.82 for certified mail service of the notice of claim letter, $36.34 for exhibit binders, $8.44 for photo protectors, $42.44 for exhibit tabs, $19.79 for flash drives, and $100.00 for video clips for a total of $220.83 (doc.150-4, p. 1-3, 9-12, 20).  The expenses are reasonable and were incurred in case preparation or during the litigation.  Barnes, 168 F.3d at 438 ("'[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988.'").  Miscellaneous expenses are awarded in the amount of $220.83.

      5. Travel expenses for Lambert's attorney and paralegal.

Lambert seeks travel expenses in the amount of $397.97 for various travel by her attorney and paralegal (doc.150-4, p. 1-2).  Most of the expenses were incurred in travel to court or opposing counsel's office. The itemization is unclear but appears based on mileage. Travel time entries are included in Lambert's attorney's itemized time records (doc. 150-2). However, the expenses do not appear unreasonable and were incurred during the litigation.  See NAACP v. City of Evergreen, 812 F.2d 1332, 1337 (11th Cir. 1987) ("the standard of reasonableness is to be given a liberal interpretation.").  Travel expenses are awarded in the amount of $397.97.

      IV. Attorney's fees.

Lambert seeks attorney fees of $198,400.00 for 793.6 hours of work performed by her attorney at the hourly rate of $250.00 (doc. 150, doc. 150-1). Lambert provides her attorney's affidavit and itemized time records which show the work performed and hours expended (doc. 150-1, doc.150-2) and declarations from three local practicing attorneys in support of the reasonableness of the hourly rate, work performed, and time spent in this litigation (doc. 150-5, doc.150-6, doc.150-7). Lambert argues that the work performed, and the hours spent to perform that work are reasonable even though limited success was obtained., Lambert argues that even though she was awarded a low dollar amount, the jury, by awarding punitive damages, sent a message that police misconduct will not be tolerated and the public interest benefitted from this vindication of Lambert's constitutional rights (doc. 156, p. 5).

Herrington argues that the number of hours and work performed are excessive, redundant, and otherwise unnecessary and therefore, unreasonable (doc. 154). He lists 427.5 hours for work which, in his opinion, should not require the amount of time requested, and asks the Court to reduce the hours by at least that amount, i.e., an approximate 50% reduction. Herrington also argues that an award of attorney's fee should be further reduced because of Lambert's "limited success in achieving only a nominal award for" Felicia Lambert and no recovery for Tony Lambert. Herrington points out that the Lamberts asked for $921,341.00 but the jury awarded only $16,600.00 to Felicia. Herrington also argues that the requested hourly rate is unreasonable based on Lambert's attorney's limited experience in Section 1983 actions and limited years of practice. He argues that a reasonable hourly rate would be $171.00.

With respect to attorney's fees, "[t]he applicable statute, 42 U.S.C. § 1988, allows a district court to award attorney's fees to the prevailing party in civil rights cases brought under § 1983. A reasonable fee is one that is "sufficient to induce a capable attorney to undertake the

13

representation of a meritorious civil rights case." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010).  Also, the Supreme Court has explained that when a plaintiff succeeds in bringing a civil rights claim, 'he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority.'" Barnes v. Zaccari, 592 Fed. Appx. 859, 869 (11th Cir. 2015) (quoting Fox v. Vice, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213 (2011)) (citation omitted). Thus, "success in a civil rights case 'cannot be valued solely in monetary terms.'" Galbreath v. Hale County, Alabama Comm'n, No. CV 15-308-CG-N, 2017 WL 3584920, at *7 (S.D. Ala. Aug. 17, 2017), aff'd, 754 Fed. Appx. 820 (11th Cir. 2018) (citations omitted).  Plaintiffs in civil rights action benefit the public interest by vindicating constitutional rights. Id. (citations omitted). "And 'vindicating a constitutional right against a municipal defendant heightens the public benefit created by a lawsuit.'" Id. (citation omitted). "Also, '[t]he relative importance of a money damage award must be determined on a case-by-case basis.'" Id.  (citations omitted). "However, while finding that the amount of damages is relevant, the Supreme Court 'reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.'" Id. (quoting City of Riverside v. Rivera, 477 U.S. 561, 574 (1986)).

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." TEC Serv, LLC v. Toscano, 2022 WL 4137629, at *3 (11th Cir. Sept. 13, 2022) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). "This lodestar calculation provides 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The lodestar may be adjusted "as necessary in the particular case[.]" Padurjan v. Aventura Limousine & Transp.

14

Serv., Inc., 441 Fed. Appx. 684, 686 (11th Cir. 2011) (citation omitted). However, "there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

 A. Reasonable hourly rate.

The Eleventh Circuit has "defined a 'reasonable hourly rate' as the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Griffith v. McDonough, No. 20-14464, 2021 WL 4461605, at *1 (11th Cir. Sept. 29, 2021), cert. denied, 213 L. Ed. 2d 1066, 142 S. Ct. 2840 (2022) (Unreported opinion) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The relevant market for 'determining the reasonable hourly rate for an attorney's services is "the place where the case is filed."'" Id. (quoting Barnes, 168 F.3d at 437). "The party seeking attorney's fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." Maner v. Linkan LLC, 602 Fed. Appx. 489, 493 (11th Cir. 2015) (citing Norman, 836 F.2d at 1299).

"In establishing a reasonable hourly rate, the district court may rely on its own expertise and where appropriate may also consider [the Johnson] factors." Maner, 602 Fed. Appx. at 493 (citing Norman, 836 F.2d at 1299-1300)[6]; In re Home Depot Inc., 931 F.3d 1065, 1091 (11th Cir. 2019) ("[A]fter counsel proposes an hourly rate based on the prevailing market rate in the

---

[6] The twelve Johnson factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Ballantine v. BancorpSouth Bank, 2018 WL 348008, at *4 (N.D. Ala. Jan. 10, 2018) (slip copy) (citing Johnson, 488 F.2d at 717-19).

community, courts may consider the Johnson factors to determine if the proposed rate accurately reflects the true worth of counsel.") (citations omitted).

The Court has considered Johnson factors three and nine - "the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability" and the fifth and twelfth factors – the customary rate in the relevant legal community and "awards in similar cases." Johnson, 488 F.2d at 717-19). Specifically, the Court has weighed counsel's lack of significant experience in Section 1983 litigation against his overall twelve-years of practice as an attorney representing civil and criminal clients in the Mobile area, the insight gained from his past three years as a police officer, and his reputation and ability. The Court has also considered the declarations of local counsel, wherein they indicate that the hourly rate requested is less than the customary hourly rate in this legal community (doc. 150-5, doc.150-6, doc.150-7).[7] And the Court has also relied upon its own knowledge, experience, and prior awards.[8] Accordingly, in the context of this action, the Court finds that the requested hourly rate of $250.00 is reasonable.

B. Reasonable hours expended.

---

[7] Counsel declared that in Mobile, Alabama, the prevailing market rate ranged between $300.00 to $600.00 per hour, depending on skill, experience, expertise, and reputation and that the rate requested should be enhanced (doc. 150-6, 150-7). Counsel declared that Lambert's attorney's rate should be $350.00 to $400.00 (doc. 150-5).

[8] The Court's prior awards of a reasonable hourly rate are relevant but they do not have "controlling weight over the superior evidence of a lawyer's actual billing rate." Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000). Here, Lambert's attorney states that he currently bills "at a rate between $200 and $350 per hour, depending on the nature of the representation." (doc. 150-1, p. 3). Additionally, in 2016, almost seven years ago, the Court approved $275.00 per hour for a prevailing plaintiff's attorney who had twenty years of experience but limited experience in civil rights litigation. Langford v. Hale County Alabama Comm'n, No. CV 2:14-00070-KD-M, 2016 WL 4976859, at *5 (S.D. Ala. Sept. 16, 2016). However, in 2022, the Court approved the requested hourly rate of $170.00 per hour for the prevailing defendant's attorney in an action pursuant to the Americans with Disabilities Act and Section 1983. The attorney had more than ten years of experience defending § 1983 claims. Yates v. Mack, No. CV 1:20-00131-KD-B, 2022 WL 2308292, at *10 (S.D. Ala. June 27, 2022).

16

The Eleventh Circuit has "recognized 'the utility of across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure' where a fee motion is voluminous." TEC Serv, LLC v. Toscano, No. 21-13715, 2022 WL 4137629, at *3 (11th Cir. Sept. 13, 2022) (quoting Loranger, 10 F.3d at 783. The Eleventh Circuit also indicated that when "'[m]uch of counsel's time will be devoted generally to the litigation as a whole, [it is] difficult to divide the hours expended on a claim-by-claim basis.'" TEC Serv, LLC, 2022 WL 4137629, at *3 (citing Hensley, 461 U.S. at 435). "Allowing the district court discretion in determining the amount of a fee award 'is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" TEC Serv, LLC, 2022 WL 4137629, at *3 (citing Hensley, 461 U.S. at 437).

In lieu of a line-by-line analysis, the Court finds an across-the-board reduction of the 793.6 hours to 476.16 hours (a reduction of 40% of the hours requested) is appropriate in this action. The Court has considered the following: Certain time entries in Lambert's attorney's time records indicate an excessive amount of time for the work performed (doc.150-2). For example, her attorney spent approximately 90 hours researching, drafting, and finalizing the response to the motion for summary judgment, and spent approximately 20 hours researching and preparing the motion[9] for attorney's fees and expenses, affidavit, and bill of costs, exclusive of work on the declarations in support. Overall, several entries indicate non-compensable clerical work such as preparing and filing the civil cover sheet, the summons, notices of depositions, subpoenas, and exhibit lists; serving subpoenas and delivering documents; and calendaring deadlines.

---

[9] The motion consists of two pages with no citation to case law or other legal authority but for 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2) (doc. 150).

17

The Lamberts obtained limited success. They filed an eleven count Section 1983 civil rights and state law tort complaint against Herrington and the City of Satsuma. The two claims against Satsuma were dismissed. Although the Lamberts successfully opposed Herrington's appeal to the Eleventh Circuit and took this action to trial on the remaining nine claims, the jury found in favor of Herrington as to Tony Lambert's four claims and found in favor of Felicia Lambert as to two of her five claims. The Lamberts asked for damages of approximately $900,000.00, but Felicia Lambert was awarded damages of $16,600.00.

However, Felicia Lambert served "as a private attorney general, vindicating a policy that Congress considered of the highest priority,'" Barnes, 592 Fed. Appx. at 869, and benefitted the public interest by vindicating constitutional rights. Galbreath, 2017 WL 3584920, at *7. And the Court has considered the need for a reasonable fee to be "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 559 U.S. at 552.

C. Calculating the lodestar.

Multiplying the reasonable hourly rate of $250.00 times the 476.16 hours reasonably expended, yields a lodestar of $119,040.00.

D. Adjustments to the lodestar.

To adjust the lodestar, the "district court also may consider other factors identified in [Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–719 (5th Cir. 1974), *abrogated by* Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939, 103 L.Ed.2d 67 (1989)] though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9, 103 S. Ct. at 1940 n. 9; In re Home Depot, Inc., 931 F. 3d at 1091 ("The crucial point, under both line of precedents, is that the Johnson factors are largely redundant to the lodestar analysis because they

are almost always subsumed in the lodestar."). A "downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." Bivins, 548 F.3d at 1350–51 (citation omitted). "What constitutes partial success is determined on a case-by-case basis." Id. at n.3 (citing Hensley, 461 U.S. at 434-436.

Here, the 793.6 hours requested were reduced to 60% or 476.16 hours, which resulted in a lodestar of $119,040.00. See Section IV(B). The Court finds no grounds for a downward reduction of the lodestar.

V. Conclusion.

Upon consideration and for the reasons set forth herein, costs and expenses are awarded in the total amount of $5,138.74,[10] $2,100.00 is awarded as a reasonable attorney's fee for the services of an appellate paralegal, and $119,040.00 is awarded as a reasonable attorney's fee for Lambert's attorney.

DONE and ORDERED this 16th day of August 2023.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

[10] Fees of the Clerk: $400.00; deposition transcripts: $2,493.95; exemplification and copies: $256.99; expert witness attendance fees: $120.00; costs of filing appellate brief: $1,249.00; miscellaneous: $220.83; and travel: $397.97.